```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
AMERICAN EMPIRE SURPLUS LINES                               :
INSURANCE COMPANY,                                          :   MEMORANDUM DECISION
                                                            :   AND ORDER
                            Plaintiff,                      :
                                                            :   21-cv-4230 (BMC)
            - against -                                     :
                                                            :
CLEARVIEW SM, INC., THE CITY OF                             :
NEW YORK, CHURCH 2415 REALTY                                :
LLC, GRJ CONSTRUCTION CORP., KV                             :
STONE GROUP CORP., and                                      :
RESPLANDECER INC.,                                          :
                                                            :
                            Defendants.                     :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this insurance case, plaintiff has sued several entities, one of which is a limited liability company. The original complaint sought to invoke the Court's diversity jurisdiction. But plaintiff stated only that it was an "insurance company" – as opposed to a corporation, an LLC, or some other business organization – and plaintiff did not allege the identity and citizenship of the defendant LLC's members. I ordered plaintiff to show cause why the case should not be dismissed for failure to adequately invoke the Court's diversity jurisdiction. Plaintiff has filed a response, along with an amended complaint, but those allegations are still inadequate.

In the amended complaint, plaintiff clarifies that it is a corporation that is a citizen of Ohio, its state of incorporation and principal place of business. See 28 U.S.C. § 1332(c)(1). Based on the same statute, the defendant corporations are citizens of New York or New Jersey. For defendant Church 2415 Realty LLC, however, the amended complaint makes the following allegations:

> Upon information and belief, and at all times relevant, defendant Church 2415 Realty LLC was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York County, New York.
>
> Upon information and belief, and at all times relevant, the members of defendant Church 2415 Realty LLC are limited liability companies, namely WRS Realty LLC and WRS ENY Realty LLC, the members of which are all natural persons, all of whom are citizens of and domiciled in New York County, New York.

Plaintiff offers no further detail.

For diversity purposes, an LLC "takes the citizenship of each of its members." Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012). "Thus, if a party to a diversity action is an LLC, the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship." 136-61 Roosevelt LLC v. Starbucks Corp., No. 21-cv-3560, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021). "If any of an LLC's members are themselves non-corporate entities, then a party must allege the identity and citizenship of their members, proceeding up the chain of ownership until the party has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." Flemming v. Port Auth. of N.Y. & N.J., No. 21-cv-1112, 2021 WL 878558, at *1 (E.D.N.Y. March 9, 2021) (alterations adopted) (quoting U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020)); see also 136-61 Roosevelt, 2021 WL 2779287, at *1; 147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L., No. 21-cv-950, 2021 WL 878557, at *1 (E.D.N.Y. March 9, 2021); Barnes v. Fort Hamilton Fam. Homes, No. 21-cv-1044, 2021 WL 861801, at *1 (E.D.N.Y. Mar. 8, 2021).

Here, then, plaintiff has not adequately alleged the citizenship of Church 2415 Realty LLC. Although plaintiff alleges that its two members are themselves LLCs, the next allegation – that "the members of [those LLCs] are all natural persons, all of whom are citizens of and domiciled in New York" – is simply an allegation that "all of the LLC's members are citizens of

a certain state." That kind of allegation is not enough. See Flemming, 2021 WL 878558, at *1; U.S. Liab. Ins., 444 F. Supp. 3d at 410.

There is good reason for that rule. As Chief Justice Marshall explained: "The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact upon which jurisdiction depends. It is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834). "Indeed, because jurisdiction is the building block upon which the entire case must rest, it is particularly important that plaintiffs have a sound factual basis for invoking it." Flemming, 2021 WL 878558, at *2 (quoting another source). That means "jurisdictional allegations, like all allegations in pleadings, have to be based on facts, not conclusions." Lettman v. Bayview Loan Servicing, LLC, No. 19-cv-3204, 2019 WL 2504015, at *1 (E.D.N.Y. June 17, 2019). But allegations that all of an LLC's members are citizens of a certain state are mere "conclusions without the facts to support them." Flemming, 2021 WL 878558, at *1 (quoting U.S. Liab. Ins. Co., 444 F. Supp. 3d at 410).

Of course, I am aware "that the combination of the statutory requirements for diversity jurisdiction and the lack of public information about ownership of unincorporated associations often makes it difficult to proceed in federal court when a case involves an LLC." Northfield Ins. Co. v. GM Star Constr., Inc., No. 21-cv-01775, 2021 WL 1256866, at *2 (E.D.N.Y. Apr. 6, 2021). But Congress likely knows that as well. And even as "limited liability companies and limited partnerships have gained increasing popularity as business entities," Congress has not altered the rule that treats unincorporated entities differently from corporations for diversity purposes. U.S. Liab. Ins. Co., 444 F. Supp. 3d at 411. Until that rule changes, the allegations in plaintiff's complaint will be insufficient.

Because plaintiff has not adequately alleged diversity of citizenship, the case is dismissed for lack of jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      July 29, 2021